*487 Judgment, Supreme Court, New York County (Roland T. Acosta, J.), entered March 5, 2008, dismissing the complaint, and bringing up for review an unfiled order, same court and Justice, granting defendants-respondents’ (collectively Presbyterian Hospital) motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs. Appeal from the unfiled order unanimously dismissed.
Plaintiff asserts that he was injured as the result of a slip and fall in the William Black Medical Research Building (the Black Building), and brought suit against both Columbia University and Presbyterian Hospital, but the action was previously dismissed as against Columbia University as barred by the statute of limitations. In the order under review, the action was properly dismissed as against Presbyterian Hospital upon evidence establishing that it does not own or operate the Black Building, namely, the affidavit of its officer that it has never owned, operated, managed or maintained the Black Building, the incident report relating to the subject accident prepared by a security officer employed by Columbia University, and a title report showing that the portion of the lot on which the Black Building is located is owned by Columbia University while another portion of the same lot is owned by Presbyterian Hospital. The title search submitted by plaintiffs in opposition actually tends to corroborate that Columbia is the owner of the parcel on which the Black Building is located while Presbyterian is the owner of an adjacent parcel on the same block and lot, and, without defining their terms, it does not avail plaintiffs to argue that the Department of Finance records they also submitted in opposition show that Presbyterian is the “overall owner” of the block and lot on which the Black Building is located. We note that nowhere do these Department of Finance records designate the owner of the Black Building. Concur—Saxe, J.P., Nardelli, Buckley and Freedman, JJ.